Kennett CARTER, Plaintiff,

v.

Dale I. PARSONS, Acting Warden,
Defendant.

No. 81–CV–583.

United States District Court,
N. D. New York.

Nov. 25, 1981.

Kennett Carter, pro se.

Robert J. Rossi, County Atty., Onondaga County, Syracuse, N. Y., for defendant.

MEMORANDUM–DECISION and ORDER

JAMES T. FOLEY, District Judge.

Plaintiff, an inmate of Onondaga County Penitentiary, previously submitted a pro se complaint under 42 U.S.C. § 1983. The defendant is the Acting Warden of the penitentiary as I described it from the complaint. The plaintiff in his complaint stated he is diabetic, was not receiving the right food and that the prison doctor gave him no attention. Plaintiff averred that medical appointments made were cancelled and the medical treatment is inadequate; that his health is so bad at this point that the relief requested is monetary in the sum of $50,-000.00.

By my memorandum-decision and order of June 3, 1981, the complaint was filed and service directed upon defendant in accord with the liberal policy of the Second Circuit. I said in my decision that it was questionable as to whether a constitutional claim had been alleged. The Onondaga County Attorney has appeared on behalf of the defendant, Dale I. Parsons, Acting Warden, and has submitted a motion for summary judgment pursuant to Fed.R.Civ.P. 56. The motion papers correct the name to Onondaga County Correctional Facility.

In support of this motion, the affidavit of the defendant reveals that he has had no personal involvement with plaintiff's medical treatment and the court further notes that the plaintiff makes no claim that the defendant personally participated in the alleged constitutional deprivations. Since personal involvement of the defendant in the alleged deprivation would be required

under 42 U.S.C. § 1983 as a prerequisite to an award of damages and the doctrine of respondeat superior does not apply, there could be no recovery against the defendant. *See Duchesne v. Sugarman*, 566 F.2d 817 (2d Cir. 1977); *McKinnon v. Patterson*, 568 F.2d 930 (2d Cir. 1977).

█ Plaintiff, however, has failed to respond to defendant's motion for summary judgment. Fed.R.Civ.P. 56(a). The affidavit of the defendant states that he was familiar with the medical treatment provided to the plaintiff. Attached to his affidavit as exhibits is a complete record of doctors' and nurses' notes taken during the plaintiff's incarceration. It is shown that the plaintiff was placed on a diabetic diet and the food service station was notified of this. An inspection of the plaintiff's cell revealed, it is noted, that the plaintiff was procuring food products forbidden on his diet. A cell inspection showed that the defendant had been hoarding these non-permissible dietetic foods. It is shown that the plaintiff impeded his medical treatment by insisting on self-administering the prescription insulin and rejecting nursing assistance. From these records it certainly would appear that the plaintiff had adequate medical treatment and that the only person evincing any deliberate indifference to his medical needs was himself. The federal courts with this absolute counter to the plaintiff's allegations, and produced after much effort and burden, should begin to wonder whether the balance in these submissions should tilt so much in favor of the state prisoner.

In reviewing the evidence submitted, the court finds no genuine issue of fact requiring a trial. It clearly appears that there was indeed no deliberate indifference to plaintiff's medical needs and treatment, and that on the contrary the plaintiff had access to and was given considerable and special care and treatment in accordance with his physical condition. *See Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Defendant therefore is entitled to summary judgment. *See Applegate v. Top Associates, Inc.*, 425 F.2d 92, 94 (2d Cir. 1970). The motion of the defendant is granted and the complaint is dismissed with prejudice.

It is so Ordered.